IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CLARENCE HILL, JR., ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | NO. 4:13-CV-307-A |
| | § | |
| WELLS FARGO BANK NA F/K/A | § | |
| WACHOVIA MORTGAGE FSB F/K/A | § | |
| WORLD SAVING BANK, | § | |
| | § | |
| Defendant. | § | |

<u>MEMORANDUM OPINION</u>
and
<u>ORDER</u>

The court has not been persuaded that it has subject matter jurisdiction over the above-captioned action. Therefore, the court is ordering the action remanded to the state court from which it was removed.

I.

<u>Background</u>

Plaintiffs, Clarence Hill, Jr., and Valerie Fields Hill, initiated this action by the filing of their original petition and application for injunctive relief in the District Court of Tarrant County, Texas, 236th Judicial District, naming as defendant Wells Fargo Bank, N.A. f/k/a Wachovia Mortgage FSB f/k/a World Savings Bank. By notice of removal filed April 12, 2013, defendant removed the action to this court, alleging that

this court had subject matter jurisdiction by reason of diversity of citizenship, as contemplated by 28 U.S.C. § 1332, and that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, as contemplated by § 1332(a).[1]

In the notice of removal, defendant alleged that because plaintiffs sought to enjoin it from foreclosing on, or evicting plaintiffs from, their property, the value of the property constituted the amount in controversy. Because the property was appraised at $191,100, the amount exceeded the jurisdictional minimum. Defendant also claimed that plaintiffs' request for unspecified attorney's fees, combined with the value of the property, also exceeded the $75,000 threshold.

Because of a concern that defendant had not provided the court with information that would enable the court to find the existence of the requisite jurisdictional amount, the court ordered defendant to file an amended notice of removal, together with supporting documentation, showing that the amount in controversy exceeds the jurisdictional amount. Defendant timely

---

[1] As noted in the notice of removal, plaintiffs in September 2011 filed a similar action against defendant, which defendant also removed to this court. The court exercised jurisdiction over the previous action based on the presence of a federal question on the face of plaintiffs' petition.

complied with the court's order.

II.

Basic Principles

The court starts with a statement of basic principles announced by the Fifth Circuit:

"The removing party bears the burden of showing that federal subject matter jurisdiction exists and that removal was proper." Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). "Moreover, because the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns, which mandate strict construction of the removal statute."[2] Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365-66 (5th Cir. 1995). Any doubts about whether removal jurisdiction is proper must therefore be resolved against the exercise of federal jurisdiction. Acuna v. Brown & Root Inc., 200 F.3d 335, 339 (5th

---

[2]The removal statute, 28 U.S.C. § 1441(a) provides, in pertinent part, that:
[A]ny civil action brought in a State court <u>of which the district courts of the United States have original jurisdiction</u>, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

(emphasis added).

3

Cir. 2000).

To determine the amount in controversy, the court ordinarily looks to the plaintiff's state court petition. <u>Manguno</u>, 276 F.3d at 723. If it is not facially apparent from the petition that the amount in controversy exceeds the required amount, the removing party must set forth summary judgment-type evidence, either in the notice of removal or in an affidavit, showing that the amount in controversy is, more likely than not, greater than $75,000. <u>Id.</u>; <u>Allen v. R & H Oil & Gas Co.</u>, 63 F.3d 1326, 1335 (5th Cir. 1995). The amount in controversy is measured from the perspective of the plaintiff. <u>See</u> <u>Garcia v. Koch Oil Co. of Texas Inc.</u>, 351 F.3d 636, 640 n.4 (5th Cir. 2003).

III.

<u>The True Nature of Plaintiffs' Claims</u>

The petition by which plaintiffs initiated this action in the state court does not specify a dollar amount of recovery sought, nor does it define in any way the value of the right sought to be protected or the extent of the injury sought to be prevented. Rather, the allegations of the petition are typical of many state court petitions that are brought before this court

by notices of removal in which the plaintiff makes vague, general, and obviously legally baseless allegations in an attempt to frustrate the procedures a lender is pursuing, or has pursued, to regain possession of residential property the plaintiff used as security for the making of a loan.

As the court has been required to do in other cases of this kind, the court has undertaken an evaluation of the true nature of plaintiffs' claims. Having done so, and having considered the authorities and arguments cited by defendant in the amended notice of removal, the court remains unpersuaded that the amount in controversy exceeds the required jurisdictional minimum.

In the case at bar, plaintiffs alleged that they entered into a written contract with defendant's predecessor for the purchase of real property, and through June 2010 timely performed their payment obligations. However, around June 2010 plaintiffs requested a loan modification from defendant. No final approval has been given for a loan modification, and the property was posted for a foreclosure sale. Plaintiffs apparently contend that defendant has breached its contract with plaintiffs, and they seek injunctive relief to stop the foreclosure proceedings.

In the amended notice of removal defendant reurged its argument that because plaintiffs seek to enjoin foreclosure and eviction, they are seeking to maintain ownership of the property without the necessity of making payments and without any future threat of foreclosure. Thus, in defendant's view, the right to the property is at stake, and the benefit to plaintiffs is at least the value of the property.[3]

The main factual allegations in the petition concern plaintiffs' ongoing attempts to secure a modification agreement from defendant to modify the loan payment on their property. Plaintiffs also ask the court to enjoin defendant from foreclosing on the property "during the pendency of this cause of action in order to maintain the status quo herein." Am. Notice of Removal, Ex. C-1, at 12. All of the foregoing are tantamount

---

[3] Defendant relies in part on unpublished cases from the Fifth Circuit, Nationstar Mortgage LLC v. Knox, 351 F. App'x 844 (5th Cir. 2009) (per curiam), and Copeland v. U.S. Bank Nat'l Ass'n, 485 F. App'x 8 (5th Cir. 2012) (per curiam). The pertinent portion of Nationstar, in turn, relies on Waller v. Prof'l Ins. Corp., 296 F.2d 545, 547-48 (5th Cir. 1961). This court has previously explained its reasoning for finding Waller inapposite to determining the amount in controversy in cases such as the instant action. See Ballew v. America's Servicing Co., No. 4:11-CV-030-A, 2011 WL 880135 (N.D. Tex. Mar. 14, 2011). The basis of defendant's reliance on Copeland is a single sentence in the "Background" section of the opinion that "the amount in controversy exceeds $75,000 due to the value of the subject property." 485 F. App'x at *9. No further information or analysis concerning the basis of the court's jurisdiction is given in the opinion beyond this single sentence, nor is it part of the court's holding. The court is thus unable to determine if the jurisdictional facts in Copeland are analogous to, or distinguishable from, those before the court in the instant action.

to plaintiffs' admission that any claim they may have had to the property would be subject to the note and deed of trust--admissions that are inconsistent with any claim to outright ownership of the property.  Although defendant also relies on plaintiffs' request for attorney's fees to establish the amount in controversy, no information is provided in the state court petition as to what that amount might be.  Accordingly, any reliance on the potential amount of any attorney's fees is purely speculative.

To summarize, the court is convinced that there is no legitimate dispute in this action over ownership to the property, only plaintiffs' efforts to extend the time they can stay on the property while attempting to make payment arrangements with defendant.  No information has been provided to the court that would enable the court to place a value on the interest plaintiffs seek to protect by this action.  Thus, defendant has not shown by a preponderance of the evidence that the amount in controversy in this action exceeds $75,000, exclusive of interest and costs.  Consequently, the court lacks subject matter jurisdiction over the action, and it should be remanded to the state court from which it was removed.

IV.

Order

Therefore,

The court ORDERS that this action be, and is hereby, remanded to the state court from which it was removed.

SIGNED May 7, 2013.

_____
JOHN McBRYDE
United States District Judge